**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-11002
Summary Calendar

FREDERICK ALLAN BETHANY,

Plaintiff-Appellant,

VERSUS

CITY COUNSEL, ATTORNEY GENERAL OF THE STATE OF TEXAS,
SERGEANT KELLY MEYERS AND SHERIFF DAVID W. WILLIAMS,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(4:95-CV-719-A)

March 13, 1996

Before REYNALDO G. GARZA, JONES and BARKSDALE, CIRCUIT JUDGES.

PER CURIAM:[*]

Fredrick Allan Bethany ("Bethany"), proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action against "City Counsel," Attorney General for the State of Texas, Sergeant Kelly

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Meyers and Sheriff David W. Williams, claiming that his civil rights were violated because another prisoner injured him while he was incarcerated. The district court, pursuant to 28 U.S.C. § 1915(d), dismissed Bethany's complaint as frivolous. Bethany appeals from that dismissal. Finding no error, we AFFIRM the district court's dismissal.

In his complaint, Bethany alleged that, while incarcerated in the Tarrant County corrections facility, he was doing his laundry in a sink. He asked Ira Lee Wilson ("Wilson"), another inmate, for some boiling water to do his wash. Wilson gave him one cup to put in his sink. Wilson then boiled a second cup, and threw the boiling water in Bethany's face and on Bethany's shoulders. Bethany did not make any allegations regarding the conduct of any of the defendants, and did not indicate in any way how any of the defendants could possibly be held liable.

A complaint may be dismissed if it lacks an arguable basis in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). We review the district court's section 1915(d) dismissal for abuse of discretion. *Id.*

Bethany asserted that the defendants are responsible for his injuries because they failed to protect him from the assault of another inmate. To hold jail officials liable for such a failure to protect, Bethany must allege that the official had "subjective knowledge of a substantial risk of serious harm to [him] but responded with deliberate indifference to that risk." *Hare v. City of Corinth*, No. 93-7192, slip opinion 1759, 1778-79 (5th Cir.

2

January 29, 1996)(en banc).  Bethany did not allege any facts that indicate that any of the defendants knew that there was a substantial risk that Wilson would injure him.  In fact, he alleged that even he was not aware that Wilson would throw boiling water on him.[1]  Therefore, the district court did not err in finding that his complaint had no arguable basis in fact or law.

Accordingly, we AFFIRM the district court's dismissal.

AFFIRMED.

---

[1]In his complaint, Bethany alleged, "When [Wilson] boiled the second cup, he threw it in my face and on my shoulders.  I was not aware that he would do this."